# Selma, Rome, and Dalton Railroad Company *v.* Webb.

### *Trespass for Injury to Horses.*

*Liability of railroad company for injury to animals.* — An action of trespass does not lie against a railroad company for the destruction or injury of animals run over by its cars or engines, unless the wrongful act was done by its direction, or with its assent ; the conductor, engineer, or other subordinate agent, who has charge of the train at the time of the accident, is not, for this purpose, the representative of the corporation.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. WM. L. WHITLOCK.

This action was brought by Ira Webb against the appellant, to recover damages for the loss of a horse and mule which were run over and killed by the defendant's locomotive or cars. The complaint was in trespass. The defendant demurred to the complaint, on the ground that the action should have been case instead of trespass ; but the demurrer was overruled. The defendant then pleaded not guilty, and that the claim was not presented, nor the suit brought, within sixty days after it occurred ; and issue was joined on these pleas. On the trial, numerous exceptions were reserved by the defendant to the rulings of the court on questions of evidence, which require no particular notice. The defendant requested the following written charge to the jury : " That although plaintiff may have satisfied the jury, by proof, that his horse and mule were killed by the running of the defendant's cars, through the negligence, unskilfulness, or wilful act of their conductor, engineer, or agent ; yet the plaintiff cannot recover in this action, unless the jury are further satisfied that the act was done by the

direction or assent of the corporation." The refusal of this charge, to which an exception was reserved by the defendant, is now assigned as error.

JNO. T. HEFLIN, for appellant. — Trespass does not lie against a railroad corporation for an injury done by its engines or cars, through the wilful or accidental act of its servants, unless the wrongful act was done by the command of the corporation, or with its assent. *P. G. & N. Railroad Co.* v. *Wilt,* 4 Wharton's (Penn.) R. 143; *S. C.* 2 American Railway Cases, 254; *Sharrod* v. *L. & N. W. Railroad Co.* 6 Eng. Railway & Canal Cases, m. p. 240; *Lindsay* v. *Griffin,* 22 Ala. 630; *Blackburn* v. *Baker,* 1 Ala. 178.

ELLIS & CALDWELL, *contra,* cited *Nashville & Decatur Railroad Co.* v. *Comans,* 45 Ala. 437.

B. F. SAFFOLD, J. — The appellee sued the appellant in trespass for killing his horse and mule by driving its locomotive engine or car against them. The proof tended to show that the animals were killed by a passing train belonging to the defendant, on account of the carelessness, or negligence of the conductor, but no higher officers of the company were inculpated. The court refused to charge the jury that the defendant was not liable in this action unless the injury had been inflicted by the direction, or with the assent of the corporation.

All persons who direct or order the commission of a trespass, or assist upon the occasion, are, in general, liable as principals, though not benefited by the act. A party may be sued in this action, in respect of his previous or subsequent consent to the tortious act. But if he does not assist, either in word or deed, or does not consent, he is not liable, though it may have been done by a person assuming to act on his behalf. 1 Chit. Plead. 79, 80, 180, 181; *Phil. Germ. & N. R. R. Co.* v. *Wilt,* 4 Whart. 143. Whether or not the president, or some other high official, clothed with very ample powers, ought not to be considered as the corporation in matters of this sort, it is manifest that the conductor or engineer, or other subordinate agent, is not such a representative of the corporate body as should be so regarded. The charge ought to have been given.

The questions of evidence presented are such as arise in every case where the contents of writings are proposed to be proved by oral testimony, and the principal is sought to be bound by the declarations of his agent, and it is needless to discuss them here.

The judgment is reversed, and the cause remanded.