JACOB COHEN, Respondent, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

A master is liable for the wrongful act of his servant, to the injury of a third person, where the servant is engaged at the time in doing his master's business, and is acting within the general scope of his authority, although he is reckless in the performance of his duty, or through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances, goes beyond the strict line of his duty, and inflicts unnecessary and unjustifiable injury.

Plaintiff, while traveling in a buggy along a street in the city of New York, was stopped by a blockade of vehicles just as he had crosssed defendant's track. The rear of his buggy was so near the track, that a car could not pass without hitting it. A car came up, the driver of which, after waiting a moment or two, ordered plaintiff to "get off the track." Plaintiff was unable to move either way, and so notified the driver, who replied with an oath that he was late, and that if plaintiff did not get off he would put him off, and immediately thereafter drove on, striking and upsetting plaintiff's buggy, and injuring him. In an action to recover damages, *held*, that the evidence did not authorize a finding, as matter of law, that the act of the driver was with a view to injure plaintiff, and not with a view to his master's service; but that this question was one of fact for the jury, and that therefore, a dismissal of the complaint on trial was error.

(Argued March 19, 1877; decided March 27, 1877.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing a judgment in favor of defendant, entered upon an order non-suiting plaintiff on trial, and granting a new trial. (Reported below, 8 J. & S., 368.)

This action was brought to recover damages alleged to have been sustained by reason of the negligence of plaintiff's servant. On April 27, 1872, plaintiff was driving along Catharine street, in the city of New York, in a buggy. He had crossed the track of defendant's road, but before the rear part of the buggy was far enough from the track, so that a car could pass without striking it, his further progress was arrested by a blockade of trucks and other vehicles, and he was unable to move forward, and by other vehicles he was prevented from moving in any direction. A car approached on defendant's road, the driver of which, as plaintiff testified, after waiting a moment or two, told the plaintiff to "get off the track." The plaintiff asked him to wait until the trucks moved, promising then to move. The driver said, "Damn you, if you don't get off here; I am late; I will get you off some way or other." The plaintiff said, "You wait a moment; I guess the trucks are moving, and I may go." The trucks started, and as the plaintiff prepared to move on, the driver started his horses, and the platform of the car struck the hind wheels of the buggy and overturned it, thus causing the injury complained of.

Defendant's counsel moved for a nonsuit on the ground, among others, that the car-driver's act was not within the scope of his authority, but was an unlawful and unauthorized act, for which defendant was not responsible.

*John M. Scribner, jr.*, for the appellant. The complaint was properly dismissed, the act of defendant's driver being an intentional, willful and malicious trespass, for which it could not be held liable. (*Gonzales* v. *N. Y. & H. R. R. Co.*, 38 N. Y., 442; *Reynolds* v. *N. Y. C. & H. R. R. Co.*, 58 id., 250; *Smith* v. *Ætna L. Ins. Co.*, 49 id., 211–216; 1 Chit.

Plead., 69 ; *Wright* v. *Wilcox*, 19 Wend., 343 ; *Hibbard* v. *N. Y. & Erie R. R. Co.*, 15 N. Y., 467 ; *Clark* v. *Met. Bank*, 3 Duer, 241 ; *Weed* v. *Panama R. R. Co.*, 17 N. Y., 365 ; *Mali* v. *Lord*, 39 id., 383 ; *Frazer* v. *Truman*, 43 id., 566 ; *Wells* v. *N. Y. C. R. R.*, 24 id., 184 ; *Isaacs* v. *Third avenue R. R. Co.*, 47 id., 122 ; *Whittaker* v. *Eighth avenue R. R. Co.*, 51 id. 295 ; *Thames Stbt. Co.* v. *Hous. R. R. Co.*, 24 Conn., 40 ; *Barker* v. *H. R. R. R. Co.*, 4 Duly, 276 ; *Wright* v. *Delafield*, 25 N. Y., 270 ; *Rome Ex. Bank* v. *Eames*, 4 Abb. Ct. App. Dec., 813 ; *Kelsey* v. *Western*, 2 Comst., 506 ; *Ferguson* v. *Ferguson*, id., 361 ; *Bailey* v. *Rider*, 10 N. Y., 370 ; *Anonymous*, 17 Abb. Pr., 53 ; *Field* v. *Mayor, etc.*, 6 N. Y., 179 ; *Hughes* v. *N. Y. & N. H. R. R. Co.*, 4 J. & S., 222 ; *Courtney* v. *Baker*, 5 id., 249 ; *Ryan* v. *H. R. R. R. Co.*, 1 J. & S., 137 ; *Poulton* v. *L. & S. W. R. Co.*, 2 L. R. (Q. B.), 534 ; *Roe* v. *Birkenhead, etc., R. R. Co.*, 21 L. R. (Exch.), 9 ; *Lamb* v. *Palk*, 9 C. & P., 629 ; *Lyons* v. *Marten*, 8 Adol. & El., 512 ; *Bolingbroke* v. *Local Bank of Swindor New Town*, 9 L. R. (C. P.), 575.)

*Julius Lipman* for the respondent. Defendant was liable for the act of its driver, although it was willful and unlawful. (*Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y., 181 ; *People* v. *R. R. Co.*, Dillon, 568 ; *N. O. J. & Gt. N. R. R. Co.* v. *Bailey*, 40 Mis., 395 ; *Drew* v. *Sixth avenue R. R. Co.*, 1 Abb. Ct. App. Cas., 556 ; 26 N. Y., 49 ; *Nichols* v. *Sixth avenue R. R. Co.*, 38 id., 131 ; *Pesley* v. *Third avenue R. R. Co.*, 1 J. & S., 406 ; *Meyer* v. *Second avenue R. R. Co.*, 8 Bosw., 305 ; *E. & C. R. R. Co.* v. *Baum*, 26 Ind., 70 ; *Bukan* v. *N. J. R. R. Co.*, 3 Vroom, (N. J.), 328 ; *Griswold* v. *Haven*, 25 N. Y. 526 ; *Wright* v. *Wilcox*, 19 Wend., 343 ; *Hibbbard* v. *N. Y. & Erie R. R. Co.*, 15 N. Y., 455 ; *Sanford* v. *Eighth avenue R. R. Co.*, 23 id., 313 ; *Isaacs* v. *Third avenue R. R. Co.*, 47 id., 122 ; *Jackson* v. *Second avenue R. R. Co.*, id., 274 ; *Whittaker* v. *Eighth avenue R. R. Co.*, 51 id., 295 ; *Hamilton* v. *Third avenue R. R. Co.*, 53 id., 25 ; *Higgins* v. *W. Turnpike Co.*, 46 id., 23.)

*Per Curiam.* The general rule of law contended for by the appellant, that a master cannot be held liable for the willful, intentional and malicious act of his servant, whereby injury is caused to a third person, is not disputed. Many limitations and illustrations of the rule will be found in reported cases, and it is not always easy to apply the rule. It has recently been under consideration in this court in the case of *Rounds* v. *The Delaware, Lack. & Western R. R. Co.*, 64 N. Y., 129, and in the opinion of ANDREWS, J., in that case, is found a very thorough and satisfactory consideration of the rule, and the principles upon which it is founded. The general principles there announced are as follows : To make a master liable for the wrongful act of a servant to the injury of a third person, it is not necessary to show that he expressly authorized the particular act. It is sufficient to show that the servant was engaged at the time in doing his master's business, and was acting within the general scope of his authority, and this, although he departed from private instructions of the master, abused his authority, was reckless in the performance of his duty, and inflicted unnecessary injury. While the master is not responsible for the willful wrong of the servant, not done with a view to the master's service, or for the purpose of executing his orders; if the servant is authorized to use force against another, when necessary, in executing his master's orders, and if, while executing such orders, through misconduct or violence of temper, the servant use more force than is necessary, the master is liable.

The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another.

The master is not exempt from responsibility in all cases on showing that the servant, without express authority,

designed to do the act or the injury complained of. But if the servant, under guise and cover of executing his master's orders, and executing the authority conferred upon him, willfully and designedly, for the purpose of accomplishing his own independent, malicious, or wicked purposes, does an injury, then the master is not liable.

When it is said that the master is not responsible for the willful wrong of the servant, the language is to be understood as referring to an act of positive and designed injury not done with a view to the master's service, or for the purpose of executing his orders.

The application of these principles to the facts of this case leaves no doubt that the case was properly disposed of by the General Term of the Supreme Court. The driver was driving this car for the defendant, and in its business. As the car could only run upon the railroad track, it was his duty, so far as he reasonably and peaceably could, to overcome obstacles on the track in the way of his car; and in driving his car and overcoming these obstacles, he was acting within the general scope of his authority. If he acted recklessly (and that is the most that can be said here), the defendant was responsible for his acts. He was not seeking to accomplish his own ends. He was seeking to make his trip on time, and for that purpose, and not for any purpose of his own, sought to remove plaintiff's buggy from the track. It cannot be said to be clear, upon the facts proved, that the act of the driver was done with a view to injure the plaintiff, and not with a view to his master's service. He may have supposed that the plaintiff would get off from the track in time, or that he could crowd him off without injury. The evidence should at least have been submitted to the jury. They were the proper judges of the motives and purposes of the driver, and of the character and quality of his acts.

The order must be affirmed and judgment absolute ordered against the defendant with costs.

All concur.

Order affirmed and judgment accordingly.