# Gilliam *v.* South and North Alabama Railroad Company.

*Action for Damages against Railroad Company, for Wrongful Act of Conductor.*

1. *Liability of principal, for negligence or intentional wrongful act of agent.*—The rule of the common law, as announced in the leading case of *McManus v. Crickett* (1 East, 106), held the master responsible for an injury done by the negligent act of his servant in the performance of his service, but not for an intentional wrongful act of his servant, unless commanded or adopted by him; but this rule, as applicable to railroad corporations, has been modified by the more modern cases; and this court adopts the modified rule, which holds the master or principal responsible for the intentional tortious act of his agent or servant, when (and only when) done within the range of his employment.   (Limiting *S., R. & D. Railroad Co. v. Webb,* 49 Ala. 240.)

2. *Same; what acts are within employment of railroad conductor.*—"It is common knowledge," that if the conductor of a passenger train stops his train, pursues a boy on foot into the father's house, with a pistol in his hand, seizes the boy, and carries him off on the train, these wrongful acts are not within the range of his employment; consequently, the railroad company is not liable in damages for such wrongful acts, without averment and proof that it commanded, authorized, or ratified them.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN HENDERSON.

This action was brought by James T. Gilliam against the appellee, a domestic railroad corporation; and was commenced on the 6th December, 1878. The original complaint contained two counts, each claiming $25,000 damages, "for wrongful and unlawful injuries to plaintiff committed by defendant," as follows: 1. "Whereas, heretofore, to-wit, on the 10th day of November, 1878, the north-bound passenger train of defendant was stopped at or near plaintiff's house, not a regular stopping-place for said train, and the conductor thereof, one Matt Hunt, with other servants of defendant, employed by defendant for the purpose of controlling and protecting the defendant's train, and performing generally the duties and service of a conductor of said train, and while engaged in the performance of said service, came from said train, upon the premises and into the house of said plaintiff, with pistols in their hands, and, to the great danger and alarm of plaintiff's family, seized William Gilliam, a minor child of plaintiff, and forced him to enter defendant's said passenger train, and, under pretense of protecting said passenger train from said William, plaintiff's minor child, him, the

said child, carried away upon defendant's said train to the next station on said road.    Wherefore, plaintiff says he has been damaged," &c.    2.    Whereas, on the 10th November, 1878, "one Matt Hunt, a servant of defendant, employed for the purpose of managing and controlling the passenger train of defendant, and for receiving and protecting passengers thereon, and denominated the conductor of said train, and being then engaged in the defendant's service as such servant, caused the defendant's said train to stop at or near plaintiff's house, and, under pretense of protecting the defendant's property and the passengers on said train, entered upon plaintiff's premises, and into his house, armed with a pistol, and, to the great alarm of plaintiff's family, and despite their entreaties, took plaintiff's minor son, William Gilliam, then in the plaintiff's service, and who was in no way endangering the defendant's property, nor the passengers on said train, and him forcibly carried into the said passenger train, away from the service of plaintiff.    Wherefore, plaintiff says he is injured," &c.

The court sustained a demurrer to each of these counts, and the plaintiff then filed, by leave of the court, an amended complaint, or additional count, claiming damages as before, for that whereas, on the 10th November, 1878, "one Matt Hunt, a servant of defendant, employed for the purpose of running and controlling the passenger trains of defendant, and for receiving and protecting passengers thereon, denominated the conductor of said train, being then in the defendant's service as such servant, and whilst acting in the course of his employment as such servant, caused the said train to stop at or near the plaintiff's house, and entered upon the premises of plaintiff, and into his house, armed with a pistol, and, to the great alarm of plaintiff's family, and despite their entreaties, took plaintiff's son, a minor child, named William, then in plaintiff's service, and who was plaintiff's servant, and was in no way endangering the defendant's property, nor the passengers on said train, and carried him into said passenger train, away from the plaintiff's service, to the next station on said road.    Wherefore, plaintiff says he has sustained damages," &c.    To this count, also, the court sustained a demurrer.

The judgments on the demurrers are now assigned as error.

B. RANDOLPH, for appellant, cited Redfield on Railways, §§ 130, 375; 5 Wait's Actions & Defenses, 331; *Railroad Co. v. Rogers*, 38 Indiana, 116; *Duggins v. Watson*, 4 Ark. 127; *Railroad Co. v. Derby*, 14 How. U. S. 468; *Railroad Co. v. Harmon*, 47 Illinois, 298; *Rex v. Dixon*, 4 Campb. 124; *Rounds v. Railroad Co.*, 64 N. Y. 129; Shear. & Redf. on Negligence,

§766; *Railroad Co. v. Anthony*, 43 Illinois, 183; *Courtney v. Baker*, 60 N. Y. 1.

THOS. G. JONES, *contra.*

STONE, J.—The present case presents but a single inquiry: whether the railroad company is liable in damages for the wrong alleged to have been committed by Hunt, the conductor. The case of *McManus v. Crickett*, 1 East, 106, is the leading authority on this question. That case drew the distinction between willfulness and negligence, holding that when the servant, in the performance of his master's service, by his negligent act, does an injury to another, the master is liable in damages; when, however, the act which produced the injury was intentionally done, although done while in the performance of his master's service, then the master was not liable, unless he commanded the act, or was present and did not dissent from it.

The rule, as stated above, has never been fully satisfactory. Since railroads have been introduced, and since they have monopolized, in large degree, the land travel and transportation of the country, many of the revising courts of the country have modified the rule. The modification, however, is confined to acts which are within the range of the agent's employment, or delegated authority. The precise modification is, that if the agent, while acting within the range of the authority of his employment, do an act injurious to another, either through negligence, wantonness, or intention, then, for such abuse of the authority conferred upon him, or implied in his employment, the master or employer is responsible in damages to the person thus injured. But, if the agent go beyond the range of his employment or duties, and of his own will do an unlawful act injurious to another, the agent is liable, but the master or employer is not.—1 Redf. on Railways, 5th ed. § 130, subd. 4, note 6; Pierce on Railways, 277–8; 5 Wait's Ac. & Def. 311–2; *Flower v. Penn. R. R. Co.*, 8 Amer. Rep. 251; s. c., 69 Penn. St. 210; *N. O., J. & Gr. Nor. R. R. Co. v. Harrison*, 12 Amer. Rep. 356; s. c., 48 Miss. 112; Shearm. & Redf. on Negligence, § 65; *Poulton v. Lon. & S. W. Railway Co.*, 2 Q. B. 534; *Storey v. Ashton*, 4 Q. B. 476; *Phila. & Read. R. R. Co.*, 14 How. 468; *Rounds v. Del., Lack. & W. R. R. Co.*, 64 N. Y. 129; *Cohen v. Dry Dock, East Broadway & B. R. R. Co.*, 69 N. Y. 170; *Coleman v. N. Y. & N. H. R. R. Co.*, 106 Mass. 160; *Lit. Miami R. R. Co. v. Witman*, 19 O. St. 110; *Tol., Wab. & W. R. R. Co. v. Harmon*, 47 Ill. 298; *Jef. R. R. Co v. Rogers*, 38 Ind. 116; *Hays v. Houston G. N. R. R. Co.*, 46 Texas, 272.

The older cases follow the doctrine declared in *McManus v.*

[Cahalan v. Monroe, Smaltz & Co.]

*Crickett, supra,* and relieve the master or employer from liability for tortious acts of the agent, if intentionally done, although within the range of his duties, unless the tortious act was commanded or adopted by the master.—*Foster v. Essex Bank,* 17 Mass. 479; *Southwick v. Estes,* 7 Cush. Mass. 385; *Harris v. Nicholas,* 5 Mumf. 483; *Wright v. Wilcox,* 19 Wend. 343; *Vanderbilt v. Rich. Turnpike Co.,* 2 Comst. 479; *Puryear v. Thompson,* 5 Humph. 397; *Ill. Cen. R. R. Co. v. Downey,* 18 Ill. 259; *Wesson v. Seaboard & Roanoke R. R. Co.,* 4 Jones' Law, 379; *Church v. Mansfield,* 20 Conn. 284; *Thames Steamboat Co. v. Housatonic R. R. Co.,* 24 Conn. 40; *DeCamp v. Miss. & Mo. R. R. Co.,* 12 Iowa, 348.

In *S., R. & D. R. R. Co. v. Webb,* 49 Ala. 240, this court held, that a railroad company can not be sued in trespass for the willful tort of its employee, unless the act was previously ordered, or subsequently ratified by the corporation. We think the principle there announced should be so far modified, as to limit its application to tortious acts of the agent, done outside of the range of his employment. To this extent, we adopt the modified rule, as applicable to railroads and their employees.

It is common knowledge, that the wrongful acts charged in this case to have been done by the conductor, are not within the range of his employment. There is no averment that the act was commanded, or authorized by the corporation, or that it ratified it afterwards. The Circuit Court did not err in sustaining the demurrer to each count of the complaint.

Affirmed.