GEORGE N. CLARK, APPELLANT, *v.* JOHN H. STARIN, RESPONDENT

*Action for false imprisonment — when a master is liable for an arrest made, by his servants, in the management of his business.*

Upon the trial of this action it appeared that the defendant was the owner of a place called Glen Island, which he used as a place of resort, his son being the manager of the island; that the defendant made an agreement with one Pinkerton, under which the latter was to furnish all the police needed, and that Pinkerton made one Hines captain of the men put there by him. The plaintiff, a ticket taker, having been wrongfully arrested and detained by the defendant's son and Hines on a charge of larceny, in stealing tickets, which was not proved to be true, brought this action to recover damages for a false imprisonment.

*Held,* that for such an arrest, directed and approved by the defendant's manager, an action would lie against the defendant, and that the trial court erred in directing a verdict in favor of the defendant.

APPEAL from a judgment entered upon a verdict for the defendant, directed by the court upon the trial of this action at the West chester circuit.

The action was brought to recover damages sustained by the plaintiff by being arrested by defendant's officers or servants and imprisoned on defendant's island, without any right or authority on their part to do so.

*Charles H. Noxon,* for the appellant.

*A. J. Dittenhoefer,* for the respondent.

BARNARD, P. J.:

The defendant is the owner of Glen Island, in Westchester county. He makes use of it as a place of resort of persons desiring recreation and amusement. The island is reached by a boat which is owned and operated by defendant, and also by other independent lines of steamers. The defendant's son was the manager of the island for the defendant. The defendant employed one Hines to be policeman on the island in this way. He agreed with one Pinkerton to furnish all the police needed, and Pinkerton put on men and made Hines captain. The plaintiff was a ticket taker in defendant's employment. The defendant's son and Hines arrested

plaintiff for larceny. He was, after being annoyed by delays and much apparent ill-treatment, discharged. The act was within the scope of the employment of b'oth Starin, defendant's son, and of Hines, the captain of the defendant's voluntary police. It was in the master's sole interest that the arrest was made. Neither the defendant's son or the officer had any separate or personal benefit to be promoted by the arrest. The police was there to make arrests in defendant's interest. The arrest was without warrant and the officer stated that it was left to him when it was "on this (Glen) Island." For such an arrest directed and approved of by the defendant's manager, an action will lie against the master. (*Quinn v. Power*, 87 N. Y., 535; *Rounds v. Del., Lack. and West. R. R. Co.*, 64 N. Y., 129; *Cohen v. Dry Dock, etc., R. R. Co.*, 69 N. Y., 170; *Hoffman v. N. Y. C. and H. R. R. R. Co.*, 87 N. Y., 25.)

The judgment should be reversed and a new trial granted, costs to abide the event.

PRATT, J. :

This is an action for false imprisonment, wherein a verdict was directed for the defendant.

The defendant is the owner of Glen Island, a summer resort for daily visitors, and the plaintiff was in his employ. It appears from the answer that the defendant employed the Pinkerton's (a detective agency) to take charge and control of the island, so far as the police regulations were concerned, and they employed men for that purpose. It seems the plaintiff was suspected of having unlawfully obtained some tickets, the property of the defendant, and he was accordingly arrested without warrant and detained for several hours by such police officers. No justification is shown for such arrest. So far as the case shows, the plaintiff had been guilty of no offense, and it does not, in fact, appear that any offense had been committed. It was, therefore, not a case authorizing an arrest without warrant. The defendant, however, claims that he is not liable, because the arrest was not within the scope of the authority conferred by the defendant upon the parties making the arrest. The question is not whether the particular act was authorized, but whether the servant was engaged in his master's business and acting within the general scope of his authority. The test is whether the act complained of

is in the course of the employment or outside of it. Here the Pinkertons had general authority to do all necessary police acts. The management of this business was confided to them, and if through lack of judgment or discretion, or even infirmity of temper they went beyond the strict line of authority, the defendant must be held liable. (*Cohen* v. *Dry Dock. etc., R. R.,* 69 N. Y., 170; *Shea* v. *Sixth Ave. R. R.,* 62 id., 180.)

All who were engaged in the arrest were principals, and one of the parties, Myndert Starrin, who was prominent in the matter, was the general manager of the island under the defendant. We think it clear there was enough to go to the jury upon the question whether the defendant was the principal in the transaction. The defendant also claims in his answer that the arrest was made by the parties making it as peace officers of Westchester county, and not by virtue of any employment by defendant. That may constitute a good defense when pressed; as the case now stands it may fairly be inferred that the parties who made the arrest were acting under the defendant.

The case of *Mallach* v. *Ridley* (43 Hun, 336), is not in point. The case lays down no new law but simply holds that a master is not liable for an arrest made by a servant outside of the line of his duty, although the servant supposed he was acting within the scope of his authority. We think the present case should have been left to the jury to determine whether the arrest was within the authority conferred on the officers.

Judgment reversed, new trial granted, costs to abide event.

DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.