# Johnson *v.* Alabama Fuel & Iron Co.

*Personal Injury Action by Employe.*

(Decided April 7, 1910.   52 South. 312.)

1. *Master and Servant; Injury to Servant; Scope of Servant's Employment.*—Unless the servant be acting within the scope of his employment at the time, the master is not liable in damages for injuries negligently, wantonly or intentionally inflicted by such servant.

2. *Corporations; Vice Principal; Liability; Indictable Offenses.*—A corporation is liable only when its vice principal acts in the execution of the corporate functions, although a corporation may create a vice principal who, in the general managemnet of the corporate business so partakes of the corporate entity that his acts have the same effect upon corporate responsibilities as if done or expressly authorized by the governing board, so that the corporation may become responsible in cases for indictable offenses committed by their agent.

3. *Same; Torts of Agent; Malice; Personal Purpose; Liability.*—The corporation is not responsible where its vice principal goes wholly outside of his authority to do an act to gratify personal malice or to accomplish a purpose personal to himself, having no relation to the corporate business.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Lula Johnson as administratrix against the Alabama Fuel & Iron Company for damages for injury to an employe. From a judgment for defendant the plaintiff appeals. Affirmed.

MATTHEWS & MATTHEWS, for appellant.   Both the 1st and 2nd counts were good as against the demurrers assigned.—*Richards v. Burgess,* 49 South. 294; *City Del. Co. v. Henry,* 139 Ala. 167; *Lampkin v. L. & N.,* 106 Ala. 287; 26 Cyc. 1518.   The court erred in giving the affirmative charge for the defendant.—26 Cyc. 1525; Id. 1533; 73 N. Y. 543; 13 Ohio Cir. 318; 55 Ohio St. 398; 33 N. Y. Supp. 849; 171 Fed. 678; *Postal Tel. Cable Co.*

*v. Brantley*, 107 Ala. 684; *Southern B. Tel. Co. v. Francis*, 109 Ala. 242; *A. G. S. v. Vail*, 142 Ala. 134. The court erred in excluding the evidence that the General Manager said he had killed Less Johnson and was going to kill witness.—*Hooper v. Edwards*, 20 Ala. 528; *Edgar v. McCarn*, 22 Ala. 796; 16 Cyc. 942.

PERCY, BENNERS & BURR, for appellee. The court properly sustained demurrers to counts 1 and 2.— *Woodward I. Co. v. Curl*, 153 Ala. 223. The court properly gave the affirmative charge for the defendant.—26 Cyc. 1529; Id. 1539; *Collins v. A. G. S.*, 104 Ala. 398; *Palos C. & C. Co. v. Benson*, 39 South. 727 and cases cited.—*Southern B. T. Co. v. Francis*, 109 Ala. 243.

SAYRE, J.—If it should be conceded that the demurrers to counts 1 and 2 were improperly sustained, it does not follow that the judgment must be reversed. Count 1 sought to charge defendant corporation, for that one Adams, a servant in its employment, and while acting within the line and scope of his authority as such servant, did wantonly, willfully, or intentionally kill plaintiff's intestate by shooting him to death. Count 2 charged that Adams recklessly and wantonly shot plaintiff's intestate to death. The case went to the jury upon other counts in every substantial respect the same, except that the act of Adams is averred in them to have been wrongfully done, thus in part, perhaps, putting off a part of the burden of proof assumed in counts 1 and 2. Certainly under the other counts the burden of proof was no greater than it would have been under the first two. It may be assumed that the proof showed to the satisfaction of the jury that Adams wantonly, willfully, or intentionally and wrongfully killed plaintiff's intestate by shooting him. There was certainly evi-

dence which would have authorized that conclusion. Still, as the case was, the plaintiff, without being hampered or restricted in the least by any ruling of the court in that regard, went fully into the question—as fully, we must presume, as she could have done under any state of the pleading—but totally failed to prove one fact, alleged commonly in the several °counts, and necessary to her recovery against the defendant in any event, namely, that Adams, at the time of the act complained of, was acting within the line and scope of his authority as the defendant's servant. The master is not responsible in damages for injuries negligently, wrongfully, wantonly, or intentionally inflicted by his servant, unless the servant be at the time acting within the general line or scope of his employment.—*L. & N. R. R. Co. v. Whitman,* 79 Ala. 328.

The facts shown, stated with all favor to the appellant, were as follows: Defendant company was operating a coal mine. Adams was its general manager. Appellant and her intestate lived in a tent near by. Adams went to the tent and arrested plaintiff's intestate without a warrant and under circumstances indicative of malice. Why he did this, unless it was to gratify some personal animosity, does not appear. It seems that the defendant kept a house for the confinement of prisoners. Adams placed intestate in that house, and there left him for some hours. Between 9 and 10 o'clock in the evening Adams took intestate from the house, carried him away into the woods, and there shot him to death. We find in these facts no warrant for the inference that the murder of plaintiff's intestate was accomplished by Adams while in the execution of his agency. Nor is the controlling principle, or its application to the facts, affected by the consideration that Adams was a vice principal for the defend-

ant corporation, if it be a fact that he was a vice principal. Corporations may, and often do, create vice principals, who in their general management of the corporate business so partake of the corporate entity that their acts have the same effect upon corporate responsibility as if done or expressly authorized by the governing board or stockholders, and so corporations may become responsible in cases for the indictable crimes of their agents. But this does not impair the doctrine that the corporation is bound only when its vice principal acts, however improperly, negligently, or maliciously, in the execution of the corporate functions. When he steps wholly aside from his authority, and does an act to gratify personal malignity, or to accomplish another purpose personal to himself and having no relation to the business of the corporation, as, for aught appearing to the contrary, was the case here, the corporate master is no longer responsible. This is clearly recognized in the cases cited by appellant.—So. Bell Tel. Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930. We think the general charge was properly given for the defendant.

We need not consider the assignment touching the exclusion of evidence. That evidence had no bearing or effect upon the point which has determined this appeal against the appellant.

Affirmed.

Dowdell, C. J., and Anderson and Mayfield, JJ., concur.