153 So. 773

## BIRMINGHAM NEWS CO. v. BROWNE.
### 6 Div. 520.

Supreme Court of Alabama.
March 29, 1934.

396

Perry & Powell, of Birmingham, for appellee.

R. B. Evins, of Birmingham, for appellant.

ANDERSON, Chief Justice.

It seems well settled, in this and other states, that, when a false arrest and imprisonment is made by one who purports to be the agent of ·another who did not take part in the arrest of the plaintiff, but who is alleged to have been the principal for whom the tort-feasor acted, the question of the liability of such an alleged principal is to be determined by the rules relating to principal and agent rather than any peculiar to the law of false imprisonment. By such general rules of agency, a principal is answerable for the fraud, negligence, or other wrongful acts of his agent committed in the course of his employment, and this is so though the particular act was not authorized by the principal and even when it was forbidden by him. 11 R. C. L. p. 810, § 23, and many cases cited in note 16. It is also well settled in cases of false arrest and imprisonment that a defendant would be liable for the act of his agent done, or caused to be done, within the scope and range of his employment, and in the accomplishment of objects within the line of his duties, though the said agent may have sought to accomplish the business of the defendant by improper or unlawful means or in a way not authorized by the defendant and unknown to him or even contrary to his express directions. Hardeman v. Williams, 169 Ala. 57, 53 So. 794; Gilliam v. South & North Alabama Railroad Co., 70 Ala. 268; Robinson & Co. et al. v. Greene, 148 Ala. 434, 43 So. 797. But for the willful torts of a servant or agent,

however, committed not to protect his master's interest, but to gratify some spite or personal object of the servant, or for his acts done in the supposed public interest, and not for the benefit of the master, the master is not liable, though the tort-feasor may have been in his employ at the time. 11 R. C. L. p. 811, § 23; 39 C. J. p. 1293, § 1488; Johnson v. Alabama Fuel & Iron Co., 166 Ala. 534, 52 So. 312. As said by the court in Wallace v. John A. Casey Co., 132 App. Div. 35; 116 N. Y. S. 394, 395: "In case of alleged willful or reckless acts, the test of the master's liability is whether the act was done within the general scope of the employment or with a view to the furtherance of the master's business, or whether the servant did it to effect some other purpose without having the master's interest or service in mind."

We may concede that there was evidence sufficient to carry the question to the jury as to Knight's participation in the arrest and imprisonment of the plaintiff, although the weight of the evidence may have been against his presence at the time of the arrest. But, from aught appearing, Knight was not acting in furtherance of the defendant's business or for its protection and may have been acting in his personal interest or that of the public. The plaintiff was not charged with any past or threatened wrong against the defendant, was not charged with or apprehended in committing any offense against the defendant or of interfering with its property or rights, and his arrest could not have been in furtherance of the business of the defendant or for the protection of its interest. Knight had no papers stolen or suspected this plaintiff of taking any or of otherwise interfering with the defendant. The officers arrested the plaintiff as a suspicious character, and, even if Knight participated, the evidence is utterly lacking in showing that he was acting for the benefit or protection of the defendant or for the purpose of revenging or punishing the plaintiff for any act or wrong against his principal. True, Knight was the agent of the defendant, but had lost or missed no papers, and, while Dreyfus. testified that it was his duty to see if any papers were stolen and report the fact to the main office, there is nothing to show that Knight had any papers stolen from his station or territory or was in any respect acting for the defendant or in furtherance of its interest in directing the imprisonment or ratifying the arrest of the plaintiff, and the defendant was due its requested affirmative charge which was erroneously refused by the trial court.

The case of Hardeman v. Williams, 169 Ala. 57, 53 So. 794, and other cases, cited by counsel for the appellee, involved conduct on the part of the agent in the interest of and for the benefit of the principal. As also the case of Johnston v. Chicago, St. P., M. & O. Railway Co., 130 Wis. 492, 110 N. W. 424, where the plaintiff was arrested or assaulted by the agent for throwing a stick at the principal's passenger train.

The plaintiff made an effort to show a ratification of the arrest of the plaintiff by the defendant through a conversation by some unknown and unnamed officer over the telephone after the plaintiff had been taken to the station and before carried to the prison, but this was merely conjectural and speculative as to what was said by the party at the other end of the line, who he was, and whether or not he had authority in the matter.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.