JONATHAN B. DIXON *vs.* GEORGE WILLIAMSON & another.

Suffolk.    January 19, 1899. — March 2, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract — Evidence — Finding.*

In an action for breach of contract, tried without a jury, it is open to the judge to find that, if an alleged conversation between the parties, offered in evidence, took place during an interview at which and shortly after a memorandum was signed, it was a part of the transaction which produced the memorandum, and upon such a finding the conversation is inadmissible so far as it attempts to modify what otherwise would be the construction or effect of the writing.

CONTRACT, for an alleged breach of a contract to sell and deliver a quantity of lumber. Trial in the Superior Court, without a jury, before *Dunbar*, J., who excluded certain evidence; found for the defendants; and, at the plaintiff's request, reported the case for the determination of this court. If such exclusion of evidence was right, the finding was to stand; otherwise, a new trial was to be granted. The facts appear in the opinion.

*J. B. Dixon, pro se.*

*C. R. Clapp,* for the defendants.

HOLMES, J.  The plaintiff, after inspecting birch logs in the defendants' mill yard, went into their office and drew up the following memorandum in duplicate, which was signed as shown below :

" Kingsbury, P. Q., April 9th, 1896.  Dear Sirs, — Please cut your birch logs for us so as to make 1400 ft. running measure 20″ and up wide, nice stock.  Cut the balance so as to make as much as possible $2\frac{1}{2}″$ and $1\frac{1}{8}″$ thick of straight-grained stock #1 and 2 and the 1″ either #1 and 2 or clear, face at \$13.50 per M. on cars at mill.  We will inspect the $2\frac{1}{2}″$ and $1\frac{1}{8}″$ at mill and if the inspection you make of the 1″ is not satisfactory to us we will inspect it also at the mill.  Yours truly, J. B. Dixon & Co.  Messrs. Williamson & Crombie."

" We accept the above order.  Williamson & Crombie."

The defendants afterwards shipped three car loads of wood ordered by the plaintiff, and sent the bills of lading attached to drafts to their bank.  The plaintiff contended that the defendants had no right to draw at sight, but that the plaintiff had a right to thirty days on two of the cars and sixty days on the third.  To make good his contention he offered evidence of a conversation with the defendants in their office shortly after the memoranda were signed.  The judge who tried the case found that the alleged conversation, if it took place during that interview, was part of the transaction which produced the memorandum, and excluded the evidence.  The only question here is whether he was right.

Of course parties who have made a written contract may change it thirty seconds after it is made if they want to.  But, on the other hand, they may talk it over and attempt to explain and construe it without any intent to modify it or to make a change, and if the talk takes place soon after the writing is signed, and at the same interview, the latter kind of conversation is the more likely of the two.  Perhaps in the absence of express evidence it would be presumed, certainly it is open to the tribunal of fact to find, that the latter rather than the former was what took place.  Upon such a finding, the conversation becomes inadmissible so far as it attempts to modify what otherwise would be the construction or effect of the writing.  *McGuinness* v. *Shannon*, 154 Mass. 86.  In this case the writing

expressed a promise to pay cash. *Ryan* v. *Hall*, 13 Met. 520, 523.

If the case is within the Massachusetts statute of frauds, there is a further ground for the decision. But this it is unnecessary to discuss. *Clark* v. *Nichols*, 107 Mass. 547. See *Tracy* v. *Wetherell*, 165 Mass. 113, 115.

*Finding for the defendants to stand.*