163 So. 642

**SOCIETA ITALIANA MUTUA BENEFI-
CENZA VITTORIO EMANUELE III DI
ENSLEY v. LOVOY.**

**6 Div. 784.**

Supreme Court of Alabama.

Oct. 17, 1935.

Beddow, Ray & Jones, of Birmingham, for appellant.

Wm. A. Jacobs and H. A. Burns, both of Birmingham, for appellee.

100

BROWN, Justice.

General assumpsit by the widow of a deceased member of the defendant society to recover the sum of $363, with interest, alleged to be due the plaintiff, as death benefits, in consequence of the death of her husband while a member of said society, on the 25th of May, 1930.

[1] The complaint is not subject to the objection of uncertainty pointed out in Posey v. Hair, 12 Ala. 567, where no specific sum was claimed, but only the amount of "a certain debt then due and owing," no amount being stated.

[2-4] The law is settled that in special assumpsit to recover damages for the breach of an executory contract a complaint which fails to state a consideration for the contract, or allege that the contract is in writing, is deficient and subject to demurrer. This, for the reason that a verbal contract does not import a consideration, but a written contract, by virtue of the statute, does. Code 1923, § 7662; Birmingham Ry., Light & Power Co. v. Littleton, 201 Ala. 141, 77 So. 565; McCormick v. Badham, 204 Ala. 2, 85 So. 401; Byars et al. v. James, 208 Ala. 390, 94 So. 536. If it should be conceded that this rule applies in general assumpsit where the plaintiff declares other than on the common counts, the complaint in the case at bar is not subject to appellant's criticism. It states a sufficient consideration, to wit, that plaintiff's husband remain a member of the defendant society until his death, and claims a sum certain as due, the time when it accrued, and the defendant's failure to pay. Shields v.

Sheffield, 79 Ala. 91; Smith v. Sharpe, 162 Ala. 433, 50 So. 381, 136 Am. St. Rep. 52; 2 R. C. L. 761, § 21.

The major contention of the appellant is that the evidence is without dispute that the deceased member was $2 in arrears in the payment of monthly dues, and that it was due the affirmative charge. It further contends that the court committed reversible error in refusing to permit it to show that said member was in arrears as much as $6. So the question to be decided is: Does the fact that the member was in arrears deprive his widow of the right to the death benefits provided for by the constitution and by-laws of the society? The evidence is without dispute that he was a member of the society; there is an absence of evidence that he had been suspended or his name had been stricken from the roll of membership. On the other hand, the evidence is without dispute that the society attended and participated in the funeral ceremonies.

Under one division of the constitution and laws of the society dealing with "Dues," provision is made by article 32 for the death benefits. The provisions of that article, in so far as here pertinent, are: "At the death of a member all members will be taxed $1.00 each, which death tax to be collected at the first monthly payment. This sum to be given to the widow or orphan if of the white race. * * * The funeral expenses will be paid by the society not over $125.00 for a cemetery lot and a floral wreath of $20.00."

Article 37 of said division provides: "In case of a funeral outside of the city, a distance of 6 miles or no more than 15 miles, the member will not receive more than a delegation of 6 members, selected by the President to represent the society, to the cemetery but without the society's banner; in case, though, the family of the deceased would want the social honors, they will have to bring the deceased in the city where the society has its meetings, it will be the duty of the family to notify the Secretary two days before the funeral, and he will advise all the members and the society will be awaiting their deceased co-member at the edge of the city to accompany him to the cemetery. At the death of a member he will be accompanied, in parade, from the house to the church and in automobiles from the church to the cemetery."

Under another division of the society's constitution and by-laws dealing with "Aids and Benefits" it is provided:

"Art. 39—Any member who has belonged for six months and his dues are paid up to date, becomes ill or unable to work in his occupation, has the right to receive $10.00 a week for six months and $5.00 for the next three months, starting from the eighth day of his sickness; in case of accident he will have the right to the benefits from the first day, even if the sickness is prolonged more than a week, with a written certificate of the family doctor. If the member's benefits expire and he is known to be in need the society will provide for his needs. The member will not receive the benefit if this sickness lasts one week, but if it is prolonged for two weeks or more he will be paid from the first day of the first week.

"Art. 40—The society gives the benefits for all illness(es) with exception of those brought on by the excessive use of liquor, venereal illness, chronic or those derived by quarrels provoked by themselves. No member has the right to benefits when the sickness does not last a week. * * *

"Art. 42—If a member who is away finds himself in a physical condition to have to ask for the benefit, he must send a medical certificate together with his petition, on which must be indicated the nature of his illness and the time when he was impeded from attending his affairs; accompanying this certificate with an affidavit, made in the presence of a notary public of that State."

Under another division of the constitution and laws of the society dealing with "Penalties and Expulsions," it is provided:

"Art. 54—Any member who is behind ($2) two dollars will have no rights to any benefits and aids, to vote, and to the floor.

"Art. 55—If the member is behind ($6) six dollars he will be notified by the Secretary that if he does not pay up in the following meeting he will be cancelled from the society's roll; unless the society, by majority vote give him until the following meeting, but in no case can they give him more time and the member will be definitely cancelled."

Applying the general rule, resolving doubt against the insurer, we think it clear that "benefits and aids" mentioned in article 54 and denied to members in arrears in the payment of dues to the amount of $2 are the "aids and benefits" personal to the member provided for in articles 39, 40, and 42 of the constitution and laws of the society, and, in order to deprive the widow of the death benefits, the membership of the husband must be "cancelled" as provided in article 55. This conclusion is re-enforced by the fact that said article 54, in the same connection, deals with the personal right of the member "to vote, and to the floor," while the society is in session.

To restate the proposition in short, the right of the widow to death benefits rests upon the membership of her husband in the society at the time of his death. There is nothing in the constitution and laws of the society that works a forfeiture of this right in consequence of the husband's failure to pay dues, unless the society exercises its right and authority to put an end to his membership. Equitable Life Assurance Society of the U. S. v. Golson, 159 Ala. 508, 48 So. 1034; Penn Mut. Life Ins. Co. v. Fiquett, 229 Ala. 203, 155 So. 702. Therefore the defendant's proffered evidence rejected by the court on the plaintiff's objection was not material.

Charges 1 and 3, given at the instance of the plaintiff, dealt with the question as to when the dues of the member were payable, not an issue in the case, and could not have been of prejudice to the defendant.

The affirmative charge requested by the defendant was well refused, and the motion for a new trial was denied without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.