184 So. 178

COMMERCIAL CREDIT CO., Inc., v. PERKINS.

6 Div. 357.

Supreme Court of Alabama.

Oct. 6, 1938.

Rehearing Denied Nov. 10, 1938.

Oliver E. Young, of Vernon, and Lange, Simpson & Brantley, of Birmingham, for appellant.

R. G. Redden, of Vernon, for appellee.

GARDNER, Justice.

Suit in detinue by Commercial Credit Company, Inc., against J. W. Perkins for recovery of a Dodge car sold to Perkins under a conditional sales contract by W. F. Green Motors, which contract was by the latter duly transferred to plaintiff. From a judgment for defendant, plaintiff appeals.

The first contract of purchase was signed by defendant in blank, and when forwarded to Perkins was found objectionable. The monthly payments were $35 instead of $32. This contract had also been assigned to plaintiff. Defendant called on plaintiff's manager at Birmingham, and told him the contract was for twenty-four monthly payments of $32 each, and, also, that the agreement with the seller was he was to have taxicab insurance. Following this interview, the manager later came to Vernon, where defendant was, and the salesman of W. F. Green Motors accompanied him. And it was at Vernon, on this trip, the present conditional sales contract was executed. The payments were reduced to $32 per month.

While the contract stipulates the car is not to be used for taxicab service, yet the provision for insurance does not specify the character of policy to be issued, except the matter of coverage, fire, theft, and collision, and that the seller may procure insurance at the purchaser's expense. The credit price of the car is $100, or more in excess of the cash price, and the carrying charges embrace insurance on the car. But the policy plaintiff procured to be issued did not insure the car in taxicab service, and was by the insurance company subsequently cancelled; and the unearned premium was returned to plaintiff. Thereupon, defendant refusing to procure other insurance as de-manded by plaintiff, the latter declared the entire amount of the contract price immediately due and payable as stipulated therein.

Defendant's answer to the suit is that plaintiff had agreed the policy it was to procure would embrace taxicab service, and that the monthly payments of $32 included the premium therefor; that the unearned premium which plaintiff held sufficed to meet the monthly payments next falling due, and plaintiff was directed to so apply that sum. And his evidence tended to show that under this theory of the case he acted in good faith, relying upon plaintiff's agreement as to the procurement of the proper insurance; that plaintiff was at fault and could not profit by its own wrong, and of consequence there had been no default and no right to declare the whole sum due. His defense is rested upon the legal principle that where a mortgagor has acted in good faith, and any failure of compliance with the letter of the contract is due to the mortgagee, then there is no acceleration of the debt. 41 Corpus Juris 860. The jury accepted his version of the matter, and rendered a verdict accordingly.

Defendant testifies that in the discussion of the new contract, and before its execution, he informed plaintiff's manager he intended to operate the car as a taxicab, and had been assured that insurance of that character would be furnished at plaintiff's expense.

Plaintiff's evidence was to the contrary, and defendant offered the judge of probate, who witnessed the new contract, in corroboration of his theory of the case, all of which presented a sharp conflict in the proof for the jury's consideration.

Assignments of error 3 and 4 relate to plaintiff's objection to the question as to whether or not, after this new contract had been executed by defendant, and just a short time following the signing, plaintiff's manager did agree to furnish defendant with taxicab insurance at the same premium he had been paying under the other policy. The objection, which was overruled, was upon the ground that it called for a modification of the written contract. "A written contract may, in the absence of statutory provisions requiring a writing, be modified by a subsequent oral agreement." 13 Corpus Juris 593; Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L.R.A.,N.S., 450, 139 Am.St.Rep. 19.

■■ The contract was executory and the parties were at liberty to modify it without new consideration, other than their mutual consent. Spencer v. Richardson, 234 Ala. 323, 175 So. 278; American Agricultural Chemical Co. v. Lowery, 227 Ala. 96, 148 So. 849. And as to whether or not what was said and done was a modification of the contract depends primarily on the intention of the parties. 13 Corpus Juris 590.

■ The parties having a right, therefore, by mutual consent to modify the contract, and the matter of modification being the sole objection interposed to the questions, it would seem to follow that error cannot be rested upon the action of the court in overruling the objection. But in fact, it is by no means plain that any such agreement modified the contract, but what was said was more in the nature of a collateral agreement to the effect that the policy of insurance which plaintiff was to secure should cover taxicab service at no greater cost to defendant. The contract was silent as to the question of insurance for taxicab service, though it provided against such use. But the insurance company would of course issue such insurance, though at greater cost, and any stipulation in the contract between the parties would not affect the matter. But be that as it may, the objection interposed, as we have observed, was correctly overruled.

Upon assignments of error one and two relating to the overruling of plaintiff's motion for a new trial, plaintiff insists that under the undisputed proof, it was entitled to the affirmative charge. The argument is that what was said by the parties as to this taxicab insurance was so nearly connected in point of time with the execution of the contract that it was only a part of the negotiations and not a modification thereof.

This theory is, of course, in direct opposition to the ground of objection interposed to the proof. But that aside, we think if in fact what was said by the parties amounted to a modification, the proof sufficed for the jury's consideration as to whether or not such was the intention of the parties. The matter of time is to be given due consideration, though it may not be of controlling importance. 13 Corpus Juris 590, citing Dixon v. Williamson, 173 Mass. 50, 52 N.E. 1067.

■ As previously observed, however, it is not clear that the matter of this parol proof varied from the contract or modified the same as no specific reference to the kind of insurance is found therein. There is no objection to the admission of evidence which is offered not to contradict or vary the terms of a written agreement, but simply to explain how it is to be carried out. 22 Corpus Juris 1144 and 1248; Mercantile Finance Corporation v. Scruggs, 227 Ala. 585, 151 So. 353; Bell, Rogers & Zemurray Bros. v. Jenkins, 221 Ala. 652, 130 So. 396.

■ Here, defendant sought to show that the policy of insurance plaintiff was to secure would cover taxicab service without extra expense to him, a matter upon which the contract was silent. Viewed in either aspect, therefore, a jury question was presented.

We have considered the assignments of error, and find no error to reverse. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.