20 So.2d 790

**MASSEY et al. v. MASSEY.**

**7 Div. 820.**

Supreme Court of Alabama.

Feb. 1, 1945.

A. E. Hawkins, of Fort Payne, for. appellant Russell Mathews.

Scott & Dawson, of Fort Payne, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling a demurrer to the bill of complaint. The bill is filed by Mollie Massey (appellee) against Arnold Massey and others, seeking to cancel a deed made by Mollie Massey, Mary Foy and husband, Milford Foy, to Russell Mathews (one of the appellants). The bill contains the following paragraph: "4. Your petitioner further avers that on the 25th day of January, 1943, she made and executed a deed conveying her interest in the above described lands to Russell Mathews, one of the respondents, who is her son-in-law upon a recited consideration of $50.00 but which as a matter of fact was without consideration, said $50.00 never having been paid.

A true copy of said deed is hereto attached and made a part of this bill. That your petitioner is 73 years old, had no experience in the transaction of business, knew nothing of the value of her interest in said lands and relied upon the council and advice of said Russell Mathews in the making of said deed. That she had never consulted an attorney with reference to her interest in said lands and that she thought she was making the deed to the daughter and her husband so that she might live with them on the premises."

The deed, dated January 25, 1943, attached as an exhibit to the bill, recites a consideration of $100 paid, the receipt thereof being acknowledged. The bill also seeks to have the lands described in the deed set aside as a homestead.

Appellant takes the position that the bill is defective because it fails to allege that an agreement to support Mollie Massey during life was a material part of the consideration for the deed. It is further claimed that the deed speaks for itself and shows on its face that there was no such agreement.

Section 15, Title 20, Code of 1940, is as follows: "Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

In order to bring the case within the operation of the statute an agreement to support must be a material part of the consideration for the conveyance. Clyburn v. Toney, 245 Ala. 341, 17 So.2d 235. The only demurrer, however, to the bill is the general demurrer. "A general demurrer tests only defects in substance and all proper amendments are considered to have been made." City of Clanton v. Johnson, 245 Ala. 470, 17 So.2d 669, 673. In the absence of a ground of demurrer pointing specifically to this defect in the bill, the allegations of the bill are sufficient to warrant relief. Morris v. Earnest et al., 242 Ala. 356, 6 So.2d 424; Wood v. Burns, 222 Ala. 650, 133 So. 696.

However, before reaching a final conclusion there is another question which should be determined. The deed recites a cash consideration of $100. There is no

398

mention in the deed of any agreement to support Mollie Massey or for that matter any mention of any other consideration. Is parol evidence admissible to show that the true consideration for the conveyance was an agreement to support Mollie Massey, one of the grantors, during her life? In the case of Scott v. McGill, 245 Ala. 256, 16 So.2d 866, 868, the problem was referred to, but not decided. Some of the difficulties in the question were pointed out, but the court significantly said: "However, our statute, Title 20, § 15, inserts an express clause protecting innocent purchasers from the grantee as against the option of the grantor to revoke the deed. There could be no innocent purchaser if the consideration named in the statute appeared on the face of the chain of title. The innocent purchaser clause would be meaningless, unless the agreement to support be in a separate, contemporaneous agreement, part of the same transaction, and not put to record."

In the language of the statute, "any conveyance of realty," coming within the terms of the statute, "is void at the option of the grantor." The clear intent and purpose of the statute must control a rule of evidence. To hold that the true consideration cannot be shown would be to emasculate the statute and deprive it of its force and effect. Unless the truth can be shown, the very purpose of the statute to aid the aged, weak or afflicted (Bush v. Greer, 235 Ala. 56, 177 So. 341) might often be thwarted. As against the general demurrer, the allegations of the bill were sufficient to bring the case within the operation of the statute.

But there is another basis on which to sustain the action of the lower court in overruling the general demurrer. It is not necessary to allege fraud to bring the case within the influence of the foregoing statute. Clyburn v. Toney, supra. But there is no reason why relief may not be granted independent of the statute on the ground of fraud. There are sufficient allegations to show an equity predicated on fraud. Assuming that appropriate amendments are made, the bill warrants relief on this basis. Hyman v. Langston, 210 Ala. 509, 98 So. 564; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183.

The phase of the bill seeking to set aside the lands as a homestead for Mollie Massey has no equity within itself. This is true because, if the deed stands, then Mollie Massey has parted with her interest in the lands. Scott v. McGill, supra. However, since the general demurrer was directed to the bill as a whole, the court properly overruled the demurrer where, as pointed out, other aspects of the bill contained equity. Robbins v. Schaefer, 242 Ala. 353, 6 So.2d 415.

The decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.