26 So.2d 263

**DENNIS v. WEST et al.**

4 Div. 407.

Supreme Court of Alabama.
April 18, 1946.

Rehearing Denied June 13, 1946.

A. L. Patterson, of Phenix City, for appellant.

Roy L. Smith, of Phenix City, for appellees.

FOSTER, Justice.

This appeal is from a decree overruling demurrer to a bill in equity filed by appellee to exercise the option granted by section 15, Title 20, Code, to one who executed a conveyance of which a material part of the consideration is the agreement of the grantee to support the grantor during life. The deed recites a consideration of $10 and love and affection. The insistence of appellant is that the claim made in the bill has the effect of changing the legal effect of a deed by changing the nature of the consideration from that expressed in it. The question was referred to in Scott v. McGill, 245 Ala. 256, 16 So.2d 866. In that case the Court mentioned the rule which prohibits parol evidence to change the legal effect of a deed by showing a consideration of a different sort than that expressed as when it recites a valuable consideraion to show that it was voluntary or for love and affection. The exact question now in hand was there left open. But in Massey v. Massey, 246 Ala. 396, 20 So.2d 790, the question was squarely decided in a case where the deed recited a consideration of $100 cash. In Scott v. McGill, supra, the deed recited a consideration of $750 cash. So that in both those cases the deed recited a valuable consideration; and it was held in Massey v. Massey, supra, that the nature of the consideration could be shown by parol to be as declared in section 15, Title 20, supra. But it is now insisted that the instant deed shows that the consideration was not valuable in fact, but in effect was of a nominal amount with love and affection, and therefore the legal effect of the deed cannot be changed by parol as to the consideration.

There are two answers to that contention: one is that section 15, Title 20, supra, shows an intent to authorize a change in the legal effect of the deed by parol evidence that a material part of the consideration is the agreement to support the grantor during life, when it does not conflict with the stipulations expressed in the deed. We think that the statute partially abrogated the rule which prohibits proof by parol evidence of a consideration of a different sort from that expressed, though to do so changes the legal effect of the deed but only to the extent limited by the statute. Another reason, as applied to this case, is that the deed recites, as we have stated, a consideration of $10 and love and affection. It therefore recites a valuable consideration, though it may be nominal. The fact that it is nominal, does not prevent it from being valuable as between the parties to it, since there is not involved the question of a bona fide purchase or of good faith affecting the rights of creditors. Moseby v. Roche, 233 Ala. 280, 171 So. 351; Bethea v. McCullough, 195 Ala. 480(7), 70 So. 680; Shows v. Steiner, 175 Ala. 363, 370, 57 So. 700. The proof therefore does not change the transaction from one expressed to be on a good consideration to one based on a valuable consideration. When creditors are attacking the instrument for fraud, a different rule controls. Schwabb v. Powers, 228 Ala. 205, 153 So. 423.

The recited consideration here considered is no more than an acknowledgment of the payment of money, and provides for no contractual obligations. The alleged agreement to support does not conflict with any of its stipulations. Had it undertaken to specify the obligation undertaken by the grantee, parol evidence to vary the terms

and nature of that obligation would present a question mentioned in Scott v. McGill, supra. It is a different question from that here presented. We do not therefore pass upon it.

The demurrer is also addressed to that aspect of the bill which in the alternative seeks to vacate the instrument as a cloud on the title on the ground that it shows that it is a will and not a deed, and void on its face. Its recitals in that connection are "no part of the above conveyance is to be effective until after death of both above named grantors and it is agreed and understood between all the parties hereto that the above named grantors hereby retain to themselves the full and free use and control of the above described premises and contents, full and free use of the same during their natural lives free from the control of any one."

■ Such recitals are not sufficient taken alone to show that the instrument is testamentary. Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann.Cas. 1916D, 994.

■■ But though an instrument is interpreted as testamentary, it may be contractual; that is, in substance a promise to make a will. When so, and based on a valuable consideration, and not obnoxious to other rules applicable to contracts, it is enforceable in an appropriate suit after the death of the maker, though not operative as a will or deed. Taylor v. Cathey, 211 Ala. 589, 100 So. 834; Cox v. Hutto, 216 Ala. 232, 113 So. 40; Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190. But it is not for that reason void on its face, though complainant has mistakenly so asserted.

■ The maker of a contract thus to make a will may have the benefit of such equitable rights and remedies as to it while he still lives as would apply to other contracts relating to real estate. This may very well include the privilege conferred by section 15, Title 20, supra.

■ To forestall any contention which may be made after his death that the instrument is effective as a contract to make a will (if not operative as a deed), the maker may invoke the aid of a court of equity to cancel it in the exercise of the option conferred by the statute, which we think applies equally to executory as well as to executed contracts. So treated, that aspect of the bill is not subject to demurrer.

There was no error in overruling the demurrer.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.