35 So.2d 913

**DABNEY et al. v. GROVER.**

6 Div. 681.

Supreme Court of Alabama.

June 17, 1948.

H. M. Abercrombie and Neal C. Newell, both of Birmingham, for appellants.

Geo. P. Bondurant and Hayden & Hayden, all of Birmingham, for appellee.

FOSTER, Justice.

This is a suit in equity filed by appellee to exercise the option conferred by section 15, Title 20, Code, to set aside a conveyance of realty made by her, of which a material part of the consideration is the agreement of the grantee to support the grantor during life. The bill uses substantially the language of the statute in conferring this right.

■■ The first contention of appellant is based on the decree overruling the demurrer to the bill on the ground that it does not allege whether the agreement is verbal or written. A requirement that an allegation in a complaint on a contract that the contract is in writing, or, if not, that it was based on a valuable consideration, is the principle relied on. Societa Italiana Mutua Beneficenza Vitoris Emanuele III Di Ensley v. Lovoy, 231 Ala. 99, 163 So. 642, and Federal Land Bank v. Mulkey, 228 Ala. 500, 153 So. 775. Many other cases declare that

principle. The purpose of it is to make a showing in the complaint that the contract sued on is not a nudum pactum. And when the contract has one legal effect if verbal and another if in writing, the averment should be made, or, if not, the presumptions are against the pleader. Johnson v. Delony, 241 Ala. 16, 1 So.2d 11.

■ When the validity of the contract is not dependent upon a consideration, or when the consideration otherwise appears, or when its effect is not influenced by whether it is verbal or in writing, it is not objectionable to declare on an agreement without stating whether it is in writing, even though the statute of frauds has application. Ensley v. Hollingsworth, 170 Ala. 396, 54 So. 95, Ann.Cas.1912D, 652; Sherrod v. Crane, 236 Ala. 344, 182 So. 48; Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526.

■ Appellant also contends that the agreement shown by the evidence to have been verbal is void under the statute of frauds because it was not to be performed within one year, but to continue during the life of the grantor. A sufficient answer to that question would seem to be that section 15, Title 20, supra, is also a part of the same title and article, and is as effective as a statute as the statute of frauds. It makes no requirement that the agreement to support for life shall be in writing. If the statute of frauds (section 3[1], Title 20, Code) should be construed to apply when the agreement is for the life of another (see, Land v. Cooper, Ala.Sup., 34 So.2d 313),[1] we would hold that section 15, supra, provides an exception to it. We cannot sustain the claim of the statute of frauds.

■ Apellant also contends that since complainant is a comparatively young woman (forty years), strong and healthy, section 15, supra, does not apply to her since there are expressions in some of our cases that the purpose of the statute is to aid the aged, weak or afflicted. Massey v. Massey, 246 Ala. 396, 20 So.2d 790. But it was not intended to hold that the statute has no application except to the aged, weak or afflicted. It is not so limited in terms or effect.

---

[1] Ante, p. 271.

698

Appellant next contends that since the deed recites a consideration of ten dollars, and contains an agreement to pay a certain described mortgage debt on the property conveyed, parol evidence is not admissible to show that a material part of the consideration was to support the grantor during her life, since it would vary the terms of a written instrument. This contention has been denied in our cases. Massey v. Massey, supra; Dennis v. West, 248 Ala. 90, 26 So.2d 263.

The trial was had on testimony taken before the trial judge who saw and heard all the witnesses. There was a conflict in the evidence as to whether a material part of the consideration for the deed referred to was an agreement by the grantees to support the grantor during her life. There was evidence which tended to corroborate each side of the controversy, and also evidence impeaching the character of one of the parties respondent who testified. A party to a civil suit who is a witness may be thus impeached as well as any other witness, and by the same character of evidence. Loveless v. Hardy, 201 Ala. 605, 79 So. 37.

We think the opinion and decree of the trial court was amply supported by the evidence, and it is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.