70 So.2d 267

**GRADY et ux. v. WILLIAMS.**

**4 Div. 761.**

Supreme Court of Alabama.

Dec. 17, 1953.

Rehearing Denied Jan. 21, 1954.

W. S. Huey, J. A. Huey and E. O. Griswold, Enterprise, for appellants.

Joe S. Pittman, Enterprise, and C. L. Rowe, Elba, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill in equity. The bill was filed by Rosa Williams (appellee) against H. L. Grady and Cecelia Grady (appellants), to obtain the benefit of § 15, Title 20, Code of 1940, which provides as follows:

"Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

The allegations of the bill show in substance the following: Rosa Williams is a woman about 82 years of age. For many years she and H. L. Grady and Cecelia Grady, his wife, were friends. In 1942 Rosa Williams was a widow without relatives, living alone in a certain house and lot in the City of Enterprise, Alabama. At the time she was the owner of the house and lot.

In 1942 H. L. Grady proposed to Rosa Williams that if he and his family were allowed to move into the home of complainant, that he would take care of her if she would execute a will to him to her property. Pursuant to this agreement H. L. Grady and his family moved into complainant's home and lived with her there until the house was destroyed by fire in towit 1951. At the time of the destruction of the building by fire the same was insured in the name of H. L. Grady in towit the sum of $1,700, which was paid to H. L. Grady in adjustment of the fire loss.

From the date that H. L. Grady and his family moved into the home of Rosa Williams, as aforesaid, to the time of the destruction of the house by fire, he did not in fact take care of Rosa Williams as he had orally agreed to do. Shortly prior to December 30, 1947, H. L. Grady importuned Rosa Williams to execute a deed to him, conveying to him her home on the statement that if she would execute such a deed that he would allow her to live in the home as long as she lived, would help her with her clothing bill and her grocery bill, would keep up and maintain a burial insurance policy on her life, would pay all of her medical and hospital bills, if any were incurred and would pay her $10 per month as long as she lived. Furthermore H. L. Grady agreed that he would increase the existing fire insurance coverage on the home of Rosa Williams and in the event the same should be destroyed by fire, he would rebuild the house with the proceeds of the insurance on the house.

Relying on the promises of H. L. Grady, Rosa Williams agreed to convey to him her home on the aforesaid terms and conditions and on towit December 30, 1947, he took her to the office of his lawyer and a deed was prepared which she then and there executed. The consideration recited

in the deed was "$10.00 and other valuable consideration." But no such consideration was then and there or thereafter paid to her. A copy of the deed is attached to the bill of complaint as an exhibit and made a part thereof.

At the time of the execution of the deed a contract was also executed by Rosa Williams and H. L. Grady, which Rosa Williams understood to express the promises of H. L. Grady as aforesaid. A copy of the contract dated December 30, 1947, is also attached to the bill of complaint as an exhibit and made a part thereof. The contract in substance provides that Rosa Williams as long as she lives is to have the use and occupation of the part of the house that she now occupies and which she has this day sold to H. L. Grady and in addition thereto he is to pay to her the sum of $10 per month as long as she lives. In conclusion the contract contains these words, "This agreement being set out in detail and in explanation of the other valuable consideration referred to in said deed."

Rosa Williams is without any formal education and although she can read and write, she did not have the capacity to understand the conditions for the execution of the deed to Grady, which ought to have been expressed therein or that the matters set forth in the contract did not contain a full statement of the promises made to her by H. L. Grady as a consideration for the execution of the deed.

After the destruction of the house by fire in towit 1951 H. L. Grady took the salvaged material from the same and other materials purchased in part from the proceeds of the insurance and built a two room house on a lot which was owned by him and his wife, Cecelia Grady. The lot on which the house was built is next door to the lot formerly owned by the complainant. The amount of the insurance proceeds expended by him in the construction of said two room house was towit the sum of $400. The balance of the proceeds of the insurance was converted by H. L. Grady to his own uses. He permitted Rosa Williams to use or occupy the two room house which he had built, but she protested that the house should be moved back to the lot where her home had been located. He finally consented to moving the two room house to the lot formerly owned by her as her home on condition that she go with him to his lawyer's office and sign another agreement concerning the same. The result was that on July 9, 1951, she and H. L. Grady executed a contract, which she understood was for the purpose of agreeing to move the two room house from the lot where it was located to the lot on which had been her homestead. She did not know at the time of the execution of the contract that it provided that she had no further or other rights or claims upon H. L. Grady for support, maintenance, etc., as stated in the contract. A copy of this contract is attached to the bill as an exhibit and made a part thereof. The contract dated July 9, 1951, provides in substance that H. L. Grady agrees to move the house that he has recently built from the lot on which it was built on to the lot in the City of Enterprise, Alabama, that Rosa Williams had deeded to him and he is to complete the house in accordance with the agreement. She is to have the use of the house as long as she lives. It was further understood and agreed in the contract that Rosa Williams claims no other rights in and to the lot deeded by her to him other than the unrestricted right to live in the house as long as she lives and the further right to the exclusive use of the garden that she has been planting on the lot to which the house is to be moved. It is further agreed that the parties owe no other obligation to each other, other than the obligations set out in this contract, which is to be regarded as a full and final settlement of all obligations between the parties.

After the execution of the last-mentioned contract, H. L. Grady removed the two room house to the homestead lot of Rosa Williams and she has lived there alone continuously since that time. He has made no contribution to her support and has not maintained a burial insurance policy on her life and has not paid to her the $10 per month as had been agreed.

I. According to the allegations of the bill Rosa Williams executed and delivered a deed on December 30, 1947, to H. L. Grady, conveying to him the house and lot on which she lived for a recited consideration of $10 and other valuable considerations. The bill alleges, however, that the true considerations were that he would allow her to live in the house as long as she lived and would help her with her clothing bill, grocery bill, medical and hospital bills if any were incurred, and would pay her $10 per month as long as she lived. It is further alleged that he agreed to increase the existing fire insurance coverage on the house of Rosa Williams and in the event the house should be destroyed by fire he would rebuild the house with the proceeds of such insurance. Under § 15, Title 20, Code of 1940, supra, any conveyance of real estate where a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor. This court has held that fraud is not an essential element of a cause of action to rescind and furthermore that parol evidence is admissible to show that the true consideration was an agreement to support the grantor for life when this is not in conflict with the recitals in the deed. Massey v. Massey, 246 Ala. 396, 20 So.2d 790; Dennis v. West, 248 Ala. 90, 26 So.2d 263; Dabney v. Grover, 250 Ala. 696, 35 So.2d 913. To this point it is clear that the bill of complaint has equity and that under its allegations Rosa Williams has the right to rescind the deed. Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507; *Authorities supra.*

The case is complicated, however, by the allegation that at the time the deed was executed and contemporaneously therewith a written contract was executed by Rosa Williams and H. L. Grady in which it was stipulated that Rosa Williams was to have the use and occupation of the part of the house which she now occupies as long as she lives and that H. L. Grady was to pay to her the sum of $10 per month as long as she lives. The question is whether by parol evidence Rosa Williams can show that other agreements were made in addition to those stipulated in the contract with reference to her support. In order to reach a conclusion, it would be well for us to review the Alabama authorities. In Scott v. McGill, 245 Ala. 256, 16 So.2d 866, 868, it was said that, " 'Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a * * * contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand on the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence. For the same reason, where the writing is complete on its face, an additional executory consideration cannot be shown by parol, or, as it is sometimes expressed, new terms cannot be engrafted into an agreement by parol under the guise of varying the consideration. * * *.' "

In Massey v. Massey, 246 Ala. 396, 20 So.2d 790, the deed recited a consideration of $100 cash and it was held that parol evidence was admissible to show that the true consideration for the conveyance was an agreement to support one of the grantors during her life.

In Dennis v. West, 248 Ala. 90, 26 So.2d 263, 264, the consideration expressed in the deed was $10 and love and affection. In this case it was pointed out that the recited consideration is "no more than an acknowledgment of the payment of money, and provides for no contractual obligations. The alleged agreement to support does not conflict with any of its stipulations." The court went on to say, "Had it undertaken to specify the obligation undertaken by the grantee, parol evidence to vary the terms and nature of that obligation would present a question mentioned in Scott v.

McGill, supra. It is a different question from that here presented."

In other words, we do not have a situation where the instrument merely recites the payment of a certain sum of money as in Massey v. Massey, supra, and Dennis v. West, supra. In those cases it was held permissive to show an additional consideration when the deed did not recite that it set forth the entire consideration, even though the result was to engraft on the deed a condition. This was because of § 15, Title 20, Code of 1940. If the recital in the deeds in those cases had been that there is no other consideration, that recital could not be contradicted by parol evidence. In the case at bar the recital in the deed is $10 and other valuable consideration. If this had been the extent of the allegations of the bill, then parol evidence would be permissible to show a promise to support, in addition to the recital of a money consideration. *Authorities supra.* But a separate contract signed by both parties at the time the deed was executed expressly stated in explanation of the recitals of the deed that the other consideration set forth in the deed was limited to use and occupation for her life of the part of the house that Rosa Williams at that time occupied and the payment of $10 per month to Rosa Williams as long as she lives. In view of the explanation in the contract as to what constituted the other valuable consideration referred to in the deed and the principle that this explanation cannot be varied by parol, it follows that the obligations with reference to food, clothing and insurance, cannot be shown by parol, because the contract shows all the consideration made by the grantee.

The allegations of the bill in the instant case show a further situation different from the situation disclosed in Massey v. Massey and Dennis v. West, supra. It shows that in 1951 the house was burned down and a new house was built by H. L. Grady which Rosa Williams was permitted to occupy. She protested that the house had not been rebuilt on the lot conveyed by her to him. Accordingly, he agreed in writing to move the newly built house on to the lot conveyed by her with the agreement also in writing that she would have the use of the house for her life and the privilege of continuing to plant the garden on the lot. The latter contract expressly provided that this was the entire agreement between the parties. There is no doubt that a written executory contract may be modified or rescinded by mutual agreement with no other consideration than the mutuality of the agreement to do so. Cowin v. Salmon, 244 Ala. 285, 13 So.2d 190; Commercial Credit Co. v. Perkins, 236 Ala. 616, 184 So. 178. It seems to us that the contract of July 9, 1951, must control in the case at bar. In this connection it should be pointed out that there are no allegations showing fraud or misrepresentation, either in the procurement of the contract executed at the time the deed was executed or in the procurement of the contract of July 9, 1951. In the absence of fraud or misrepresentation a written contract cannot be varied by parol evidence. Griffin v. Tatum Chevrolet Co., 231 Ala. 534, 166 So. 49. One who has executed a written contract in ignorance of its contents cannot set up his ignorance to avoid the obligation in the absence of fraud or misrepresentation. Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Regional Agricultural Credit Corp. v. Hendley, 251 Ala. 261, 37 So.2d 97. In the instant case the bill shows that Rosa Williams could both read and write and there is no attempt in the pleading to show that the contents of the instruments to which we have referred were misrepresented to Rosa Williams.

We do not consider that the agreement to move the newly built house back on to the lot conveyed by Rosa Williams and the right to plant the garden and have the use of the house and garden as long as she lives, brings the case under § 15, Title 20, Code of 1940. It is not an agreement to support the grantor for life but only that Rosa Williams should have certain rights and use of the property conveyed.

We are of opinion that the court was in error in overruling the demurrer.

.But it is suggested that the bill has two aspects, one to rescind the deed by reason of the statute and the other a bill for an accounting and for the establishment of a trust on the proceeds of insurance. It is argued that since the demurrer does not attack the last-mentioned aspect but goes to the bill as a whole, the action of the court in overruling the demurrer must be here affirmed. It seems to us, however, that the effort to pursue the proceeds of the insurance policy is but an incident of the alleged agreement for support and maintenance and does not set up an alternative aspect for relief. Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507. In view of what has been said, we conclude that the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

### On Rehearing

STAKELY, Justice.

Citing Stoutz v. Rouse, 84 Ala. 309, 4 So. 170; A. M. Robinson Co. v. Anniston Land Co., 217 Ala. 648, 117 So. 29, and Richardson v. Curlee, 229 Ala. 505, 158 So. 189, it is argued with considerable ingenuity on application for rehearing that the rules applicable to contemporaneous release of rights of redemption in the case of a mortgage, are peculiarly analogous to the situation in the case at bar. The foregoing cases hold that a mortgagor cannot at the time of execution of the mortgage make a contract not to exercise his equity of redemption. The theory is that "the right of redemption is the creature of law and not of contract."

We do not consider that the cited authorities are contrary to the holding of the original opinion in this case. The right given under § 15, Title 20, Code of 1940, is a creature of law but is peculiarly based on a contract. It is only when a material part of the consideration of a conveyance of realty is the agreement of the grantee to support the grantor during life that the law writes a condition into the deed under the statute, so that the deed is void at the option of the grantor. In other words the right of redemption is a creature of law not based on contract, while the right to rescind the deed under § 15, Title 20, Code of 1940, is the result of a contract. We see no reason why the contract may not be changed by a subsequent agreement between the parties. If it is so changed, then the subsequent agreement should be upheld.

The application for rehearing is overruled.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.