180 So.2d 448

**Dick ISENHOWER et ux.**

**v.**

**Ed FINCH.**

**7 Div. 683.**

Supreme Court of Alabama.

Nov. 18, 1965.

Oliver P. Head, Columbiana, for appellants.

Wallace & Ellis and Karl C. Harrison, Columbiana, for appellee.

SIMPSON, Justice.

The complainant below, Ed Finch, brought a bill in equity seeking to have a deed annulled. The deed was executed on January 26, 1954, by Ed Finch and conveyed certain real estate to his daughter and son-in-law, the respondents below. In support of his prayer and complaint as amended, the complainant alleged: that a material part of the consideration for the deed was the agreement of the grantees to maintain a suitable place in which to care for and keep the grantor during his natural lifetime; to provide a home for him, to care for him, and to support him during his life. It was further alleged that the respondents (grantees) had breached their agreement by failing to provide a home for complainant and to care for him.

The bill contained a second aspect seeking annulment of the deed on the grounds that the respondents had breached certain covenants and agreements in the deed which constitute material parts of the consideration for the deed, by selling top soil from the land; selling timber from the land; failing to maintain a suitable place for the complainant to live and failing to care for him; by executing two transmission line easements to the Alabama Power Company and for executing a 20-year lease covering a portion of the land—all without the consent of the grantor.

A copy of the deed was attached and made a part of the bill. It recited a consideration of $1.00 and other good and valuable considerations. After the description of the property, the deed contained the following language:

"As a part of the consideration of this conveyance to my son-in-law and daughter, it is agreed that they are not to place any mortgage on this land or any part of it or any improvement thereon during their natural life, and as a further consideration, they are not to sell or otherwise dispose of the above described property, and they are not to sell the same unless it is sold back to the said Ed Finch, the grantor, during their natural lifetime, and if either of the said purchasers, Dick Isenhower or Jeanne Alice Isenhower should die, then this shall apply until the death of the last survivor, as it relates to mortgages and sales of the property, and my right to use the same for a home during my lifetime. If either of them violate this restriction or both of them violate it, it shall revert back to the other survivor and the seller, to carry out this restriction, if both purchasers violate the restriction, it shall revert back to the seller."

The complainant sought to obtain the benefits of § 15, Title 20, Code of 1940, recompiled 1958, which provides:

"Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

The court below heard the evidence ore tenus and entered his decree annulling and setting aside the deed without noting

in the decree under which aspect of the bill the relief was granted. The respondents have appealed.

The evidence is that the complainant was 74 years of age at the time the deed was executed in 1954; he was 84 at the time of the trial.

Appellants' main contentions are that the court erred in overruling the demurrer to the bill and allowing parol evidence by the complainant to prove that a material part of the consideration was a promise to support the grantor during his lifetime.

■ It is settled that parol evidence is admissible to show that the true consideration was an agreement to support the grantor for life *when this is not in conflict with the recitals in the deed.*—Grady v. Williams, 260 Ala. 285, 70 So.2d 267; Massey v. Massey, 246 Ala. 396, 20 So.2d 790; Dabney v. Grover, 250 Ala. 696, 35 So.2d 913. The rule allowing parol evidence to show that the true consideration was a promise to support the grantor, is the only rule which could be reached which would give effect to the statute itself.— Title 20, § 15. As noted in Massey v. Massey, supra:

"The clear intent and purpose of the statute must control a rule of evidence. To hold that the true consideration cannot be shown would be to emasculate the statute and deprive it of its force and effect."

We take cognizance of the fact, however, that the above rule is of no moment where the deed undertakes to specify the "other good and valuable consideration". In Scott v. McGill, 245 Ala. 256, 16 So.2d 866, this Court approved the language used in 32 C.J.S. Evidence § 956a:

" 'Where the effect of parol evidence contradicting the consideration expressed in the instrument or showing the true consideration to be different therefrom would be to change or defeat the legal operation and effect of the instrument, or to add new matter

to an agreement complete on its face, the evidence is not admissible; for in such case it comes within the rule which forbids the introduction of parol evidence to vary, contradict, or defeat a written instrument and not within the exception to that rule that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other than, and different from, that expressed in the writing.' "

■ It is the appellants' view that the admission of parol evidence in this case to show an agreement to support will defeat the operation and effect of the deed and hence is not admissible under the provisions of Title 20, § 15. The appellee opines contrarily, arguing that this case comes squarely within the rule allowing parol evidence to show the true consideration to be an agreement to support.

The question is not without difficulty. Does the language contained in the deed following the property description (and set out above) attempt to define the "other good and valuable consideration" mentioned in the deed to the exclusion of all other agreements which would constitute a part of the consideration? Can the agreement to support exist in harmony with this language or would its introduction vary or defeat this language? If it would vary or defeat the language used in the deed, then of course parol evidence is inadmissible to show the agreement to support.—Scott v. McGill, supra.

On a careful consideration we have concluded that this language cannot be construed to mean that all consideration is expressed therein and that there is no other consideration for the deed. The recital above does not undertake to specify any obligation undertaken by the grantees; the alleged agreement to support the grantor is not inconsistent with any expression contained in the deed. Rather than an expression of consideration in the sense in which that term is used in our cases, we think

this language simply restricts the estate granted in the deed. It does not call upon the grantees to perform any act nor evoke from them any specific promise to perform any duty of a contractual nature. We cannot read this language to find that an additional agreement to support would vary or contradict the deed in any particular. The promise to support can exist in this case without in any way modifying, changing or contradicting the language expressed in the deed. This brings the case squarely within the rule of Massey v. Massey, supra, and Dennis v. West, 248 Ala. 90, 26 So.2d 263, and our other cases not necessary to cite.

Inasmuch as the decree entered below must be affirmed on the basis of the above, it is not necessary, and no purpose would be served, by discussion of the other aspect of the bill.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.